1  Ronald Wilcox (SBN 176601)
   Attorney at Law
2  1900 The Alameda, Suite 53
   San Jose, CA 95126
3  Tel: (408) 296-0400
   Fax: (408) 296-0486
5  ronaldwilcox@post.harvard.edu

6  Michael L. Crowley (SBN 117008)
   Andre L. Verdun (SBN 265436)
7  **CROWLEY LAW GROUP**
   401 West "A" Street, Ste. 925
8  San Diego, CA 92101
   Tel. (619) 238-5700
9  Fax. (866) 786-6993
   MLCrowley@CrowleyLawGroup.com
10 AndreVerdun@CrowleyLawGroup.com

11 Attorneys for Plaintiff
   Erick Sanchez
12

13

**Filed**

DEC - 3 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| **ERICK SANCHEZ,** an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>**VIKING COLLECTION SERVICE, INC.,** and<br>**DOES 1-10,**<br><br>   Defendant. | Case No.:<br><br>**CV12 - 06096**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff, Erick Sanchez, alleges the following:

## INTRODUCTION

1.  ERICK SANCHEZ is a consumer residing in San Francisco, CA.

-1-

COMPLAINT

SANCHEZ v. VIKING

2. Viking Collection Service, Inc., and its agents are debt collectors that telephoned Mr. Sanchez's cellular phone repeatedly and continuously, via use of an automated telephone dialing system and pre-recorded messages, despite his repeated demands for the calls to cease and his assertions that he could not pay the debt they were attempting to collect. Defendant placed at least three (3) dozen or more calls to Plaintiff in a period of approximately three (3) months (and perhaps more), despite repeated requests to cease. Defendant also failed to meaningfully identify itself, disguising itself in hopes Plaintiff would be materially misled into calling back, not knowing it was a debt collector calling.

3. Defendant's wrongful conduct caused Mr. SANCHEZ actual damages, in the form of serious and severe physical injury and emotional distress, including not but limited to emotional distress, change in appetite, anxiety (requiring medication), tension, aggravation, headaches, nausea, loss of sleep (requiring medication), frustration, crying spells, hand tremors, and shaking limbs.

4. Defendant engages in a business plan and practice of unlawful telephone conduct in attempts to collect debts. See *Meininger v. Viking,* 12-cv-00640 JDW (M.D. FL, March 26, 2012)(repeated and continuous calls despite being asked to stop, calling Plaintiff's cell phone with an automated dialing system*); Smith v. Viking*, 11-cv-00239 (N.D. FL February 7, 2011)(repeated calls, failing to cease calling even when knowing someone was represented by counsel).

5. According to 15 U.S.C. §1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices

are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

### PARTIES

6. ERICK SANCHEZ ("Plaintiff" or "SANCHEZ") is, and at all times herein mentioned was, a natural person residing in the State of California.

7. VIKING COLLECTION SERVICE, INC., ("VIKING") is, and at all times herein mentioned was, a corporation which lawfully conducts business in the State of California. VIKING and Associates is a debt collection company whose conduct is regulated by the state and federal Fair Debt Collection Practices Act codified under California Civil Code 1788 *et seq* and Title 15 USC 1692 *et seq,* respectively.

8. Defendant and defendants refer to all defendants, name and unnamed, as plaintiff alleges each are jointly and severally liable for the conduct alleged herein.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-50 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

-3-

COMPLAINT

SANCHEZ v. VIKING

10. Plaintiff will file an amended complaint if the true names and capacities of other now unknown defendants, whether individual, corporate, associate, or otherwise become known to plaintiff.

### JURISDICTION

11. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA), along with supplemental state claims.

13. Since defendants do business within California, there is personal jurisdiction.

### VENUE

14. Venue is proper pursuant to 28 U.S.C. § 1391.

15. At all times relevant, the defendants conducted business within the State of California.

### FACTUAL ALLEGATIONS

16. Between the months of approximately late 2011 and early 2012, Defendant placed repeated and continuous telephone calls to SANCHEZ's cellular phone, via use of an automated telephone dialing system and pre-recorded messages. Sanchez repeatedly requested that the calls stop and told Defendant he could not pay the debt.

17. Plaintiff received dozens of calls from Defendant on his cellular phone in a period of several weeks. Some of the calls occurred on:

     a.  10/13/2011

     b.  10/13/2011

     c.  10/18/2011

     d.  10/18/2011

     e.  10/21/2011

     f.  10/21/2011

-4-

1      g.  10/25/2011

2      h.  10/27/2011

3      i.  10/31/2011

5      j.  11/1/2011

6      k.  11/1/2011

7      l.  11/3/2011

8      m. 11/8/2011

9      n.  11/12/2011

10     o.  11/12/2011

11     p.  11/18/2011

12     q.  11/21/2011

13     r.  11/30/2011

14     s.  12/1/2011

15     t.  12/5/2011

16     u.  12/13/2011

17     v.  12/20/2011

18     w. 12/20/2011

19     x.  12/27/2011

20     y.  1/3/2012

21     z.  1/9/2012

22     aa. 1/16/2012

23     bb. 1/23/2012

24     cc. 1/30/2012

25     dd. 2/6/2012

26   18. Plaintiff believes there were additional calls before and after the dates above.

27   19. On certain dates Defendant placed multiple calls to Plaintiff.

28   20. Certain calls were placed within a minute of an earlier call.

-5-

COMPLAINT

SANCHEZ v. VIKING

1   21. These calls were placed to Sanchez after he made numerous requests that the
2   calls stop and after he told Defendant on numerous occasions that he could not afford
3   to pay the debt.

5   22. Defendant engaged in conduct, the natural consequence which was to annoy,
6   abuse or harass.

7   23. Defendant made repeated and continuous calls which abused, annoyed and
8   harassed.

9   24. Defendant placed calls with such frequency as to be unreasonable under the
10  circumstanced and constitute harassment.

11  25. Defendant engaged in false, deceptive and misleading practices in an attempt to
12  collect a debt, including taking action that cannot legally be taken.

13  26. Defendant engaged in unfair and unconscionable practices in an attempt to
14  collect a debt.

15  27. Plaintiff received numerous voice mail messages from Defendant in which
16  Defendant failed to meaningfully identify itself, and failed to make disclosures as
17  required by law.

18  28. The debt Defendant was attempting to collect was a consumer debt as defined
19  by the federal and state Fair Debt Collection Practices Act (Title 15 USC 1692(a) et seq.
20  and Cal. Civ. Code 1788.2 et seq.)

21  29. Telephone calls placed to Plaintiff's cellular phone, were without Plaintiff's
22  consent, and were in violation to the Telephone Consumer Protection Act ("TCPA").

23  30. Defendant's wrongful conduct caused Mr. SANCHEZ damages as described
24  above.

25  **FIRST CAUSE OF ACTION - FDCPA**

26  31. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs
27  above as though fully stated herein.

28

-6-
COMPLAINT

SANCHEZ v. VIKING

1     32. Defendants' acts and omissions, and course of conduct as more fully described
2  above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et
3  seq., including but not limited to the violations: § 1692d, 1692d(5), 1692d(6), 1692e,
5  1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

6     33. As a result of Defendants' violations, Plaintiff is entitled to recover statutory
7  damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15
8  U.S.C. §1692k et seq.

9              **SECOND CAUSE OF ACTION – ROSENTHAL FDCPA**

10     34. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs
11  above as though fully stated herein.

12     35. The foregoing acts and omissions by these Defendants with respect to Plaintiff in
13  their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple
14  unfair, deceptive, misleading practices made unlawful pursuant to the California
15  Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§
16  1788-1788.32, including §§ 1788.11, 1788.11(b), 1788.11(d), 1788.11(e), and 1788.17.

17     36. Plaintiff is entitled to recover statutory damages, actual damages, reasonable
18  attorney's fees and costs.

19
20              **THIRD CAUSE OF ACTION – INTRUSION UPON SECLUSION**
21     37. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs
   above as though fully stated herein.
22
23     38. The foregoing acts of Defendants as described herein constitute an invasion of
   the Plaintiff's privacy and an intrusion upon his right of seclusion.
24
25     39. Plaintiff has a common law right to, and a reasonable expectation of privacy, his
   home and place of employment, and in regard to his private affairs.
26
27
28

-7-
COMPLAINT

SANCHEZ v. VIKING

1   40. Defendants' abusive and improper collection practices in the collection of this
2   debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would
3   be highly offensive to a reasonable person.

5   41. Defendants intended to cause emotional distress, and/or engaged in reckless
6   disregard of the probability of causing Plaintiffs emotional distress.

7   42. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in
8   an amount to be determined by proof and a finder of fact at trial.

9   43. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff
10  to punitive damages in an amount according to proof and a finder of fact at trial.

11  ## FOURTH CAUSE OF ACTION -

12  ## TELEPHONE CONSUMER PROTECTION ACT

13  44. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

14  45. At all times relevant to this complaint, the Plaintiff was and is a "person" as
15  defined by the TCPA 47 U.S.C. § 153(32).

16  46. At all times relevant to this complaint, the Defendant has owned, operated, and
17  or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §
18  153(14) that originated, routed, and/or terminated telecommunications.

19  47. The Defendant at all times relevant to the complaint herein engages in
20  "telecommunications" defined by the TCPA U.S.C § 153(43).

21  48. The Defendant at all times relevant to the complaint herein engages in
22  "interstate" communications" by the TCPA U.S.C. § 153(22).

23  49. At all times relevant to this complaint, the Cross-Defendant has used, controlled,
24  and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52),
25  that existed as instrumentalities of interstate and intrastate commerce.

26  50. At all times relevant to this complaint, the Cross-Defendant has used, controlled,
27  and/or operated "automatic telephone dialing systems" as defined by the TCPA 47
28  U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

-8-

COMPLAINT

SANCHEZ v. VIKING

1    51. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C.
2    § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular
3    phone, without Plaintiff's consent.

5    52. Defendants' violations were willful and knowing.

6    53. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for
7    statutory damages, including treble damages.

8    54. Defendants engaged in willful and knowing violations of the Telephone
9    Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

10    55. Defendants used an automated dialing system and pre-recorded messages to
11    telephone Plaintiff's cellular telephone, without his consent.

12    56. Defendants' acts were willful, intentional and knowing.

13    57. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff
14    to punitive damages in an amount according to proof and a finder of fact at trial.

15    58. Plaintiff is entitled to recover actual and punitive damages.

16    ## FIFTH CAUSE OF ACTION - NEGLIGENCE

17    59. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs
18    above as though fully stated herein.

19    60. Defendants' outrageous, abusive and intrusive acts as described herein
20    constituted negligent infliction of emotional distress.

21    61. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately
22    caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the
23    conduct would cause such distress.

24    62. Defendants' conduct as described herein was wrongful conduct in that the
25    Defendants conducted their business in an abusive, oppressive, and harassing manner.

26    63. Defendants' actions and omissions as described herein constitute negligence in
27    that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged

28

-9-

COMPLAINT

1 | debt, the use of the telephone in an attempt to collect such debts, said duties were
2 | breached, and said breach was the proximate cause of damages suffered by Plaintiff.

3 | 64. Defendants owed a duty to refrain from outrageous and unlawful telephone calls
5 | in connection with their attempts to collect a debt.

6 | 65. Defendants' actions and omissions demonstrate a conscious disregard of the
7 | rights or safety of others, and constitute despicable conduct that subjected Plaintiff to
8 | cruel and unjust hardship in conscious disregards of his rights.

9 | 66. Plaintiff suffered damages due to Defendants' actions in an amount to be
10 | determined at trial.

11 | 67. Plaintiff is entitled to punitive damages for the actions and omissions of the
12 | Defendants as described herein.

13 | **SIXTH CAUSE OF ACTION - NEGLIGENT TRAINING AND SUPERVISION**

14 | 68. Plaintiff incorporates by reference the above paragraphs as though fully stated
15 | herein below.

16 | 69. Defendant negligently trained and supervised its employees and agents as to the
17 | performance of their job duties and as a result of such negligent instruction an
18 | supervision, the employees/agents while carrying out their job duties caused injury or
19 | damage to the Plaintiff.

20 | 70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has
21 | suffered damages in an amount to be determined at trial.

22 | 71. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to
23 | punitive damages in an amount to be determined at trial. Defendant acted in a
24 | despicable manner and acted with a conscious disregard to the rights of Plaintiff.

25 |

26 | **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the
27 | Defendants for the following:

28 | A. Statutory and actual damages pursuant to 15 U.S.C. § 1692k

-10-

COMPLAINT

SANCHEZ v. VIKING

B.  Statutory and actual damages pursuant to California Civil Code §
    1788.17 and 1788.30.

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k,
    California Civil Code § 1788.17 and Civil Code § 1788.30.

D.  Actual and punitive damages.

E.  Award statutory damages in the amount of $500.00 for each
    violation of the TCPA against all of the Defendants, and/or treble
    damages for each willful or knowing violation of the TCPA pursuant
    to 47 U.S.C. § 227(b)(3)(B).

F.  For such other and further relief as may just and proper.

Respectfully submitted,

_____               12/3/12
Ronald Wilcox, Attorney for Plaintiff          Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demand trial by jury in this action.

_____               12/3/12
Ronald Wilcox                                  Date
**Attorney for Plaintiff**

-11-

COMPLAINT

SANCHEZ v. VIKING