Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com

Attorneys for Defendant. VIKING CLIENT SERVICES, INC. (erroneously sued as Viking Collection Service, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICK SANCHEZ, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VIKING COLLECTION SERVICE, INC., and DOES 1-10,<br><br>　　　　Defendant. | Case No.: CV-12-06096 TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:　　April 15, 2013<br>TIME:　　1:30 p.m.<br>CRTRM:　12 - 19th Floor<br>**JUDGE THELTON E. HENDERSON** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

Plaintiff's claim is based on federal question jurisdiction – 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims – 28 U.S.C. § 1367. There is no issue with

- 1 -

jurisdiction or venue. The only defendant has been served and has filed an answer to the complaint.

**2.  Facts**

A brief chronology of the facts and a statement of the principal factual issues in dispute. Plaintiff contends:

    Viking Collection Service and its agents are debt collectors that telephoned Mr. Sanchez's cellular phone repeatedly and continuously, via use of an automated telephone dialing system and pre-recorded messages, despite demands for the calls to cease and his assertions that he could not pay the debt they were attempting to collect. Defendant placed at least three (3) dozen or more calls to Plaintiff in a period of approximately three (3) months (and perhaps more), despite repeated requests to cease. Defendant also failed to meaningfully identify itself, disguising itself in hopes Plaintiff would be materially misled into calling back, not knowing it was a debt collector calling.

    Defendant engages in a business plan and practice of unlawful telephone conduct in attempts to collect debts. See *Meininger v. Viking*, 12-cv-00640 JDW (M.D. FL, March 26, 2012)(repeated and continuous calls despite being asked to stop, calling Plaintiff's cell phone with an automated dialing system*); Smith v. Viking*, 11-cv-00239 (N.D. FL February 7, 2011)(repeated calls, failing to cease calling even when knowing someone was represented by counsel); *Forbes v. Viking*, 11-01631 (E.D.N.Y., April 11, 2011)(failing to meaningfully identify, make proper disclosures); *Murphy v. Viking*, 11-cv-01381 (E.D.N.Y March 22, 2011).

Defendant contends:

Defendant denies that it has violated any law with respect to its efforts to collect a debt from plaintiff and specifically denies that plaintiff ever requested that defendant stop calling plaintiff.

**3.  Legal Issues**

A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

Plaintiff's position:

Whether Defendants violated the Fair Debt Collection Practices Act, § 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

Whether Defendants violated the Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 1788-1788.32, including §§ 1788.11, 1788.11(b), 1788.11(d), 1788.11(e), and 1788.17.

Whether Defendants violated the Telephone Consumer Protection Act.

Whether Defendants are liable for intrusion upon seclusion, negligence, and negligent training and supervision.

Whether Defendants acted with a conscious disregard of someone's rights thereby warranting punitive damages.

**4. Motions**

All prior and pending motions, their current status, and any anticipated motions.

Plaintiff: Discovery motions

Defendant: Defendant anticipates filing a motion for summary judgment after conducting discovery.

**5. Amendment of Pleadings**

The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

The parties see no need for a deadline on amending pleadings at this time, since discovery has yet to be conducted.

**6. Evidence Preservation**

A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

The parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information and agree to preserve any ESI.

////

**7. Disclosures**

Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

The parties agree to make Rule 26(a) Initial Disclosures by April 12, 2013.

**8. Discovery**

Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

There has been no discovery conducted to date. The parties do not request any modifications to the limits on discovery under the Federal Rules. The parties request a discovery cut-off deadline of December 13, 2013.

**9. Class Actions**

If a class action, a proposal for how and when the class will be certified.

This case is not a class action.

**10. Related Cases**

Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

There are no related cases.

**11. Relief**

All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Plaintiff:

Plaintiff seeks statutory damages, actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1692k and Civil Code sec. 1788.17 and 1788.30, actual damages pursuant to related commons law claims, and punitive damages pursuant to Civil Code sec. 3294. Civil Code 1788 provides for statutory damages up to $1,000 per Defendant. Actual damages (i.e. emotional distress, anxiety, etc.) and punitive damages are difficult to quantify and will be determined by

- 4 -

a jury. A San Jose jury awarded a husband and wife $100,000 in actual damages (emotional distress), and $400,000 in punitive damages, caused by a debt collector's violations of the FDCPA and related claims. *Fausto v. Credigy et al.*, 07-05658 JW (Docket# 408, April 3, 2009). A San Jose judge awarded a consumer $40,000 for actual damages/emotional distress caused by a debt collector's violation of the FDCPA and related claims. *Panahiasal v. CreditCare*, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. 2007).

Defendant: Defendant denies that plaintiff is entitled to any damages.

**12. Settlement and ADR**

Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

Defendant has made a settlement offer and has requested a settlement demand from plaintiff in an attempt to resolve this matter informally. To date, plaintiff has been unwilling to provide defendant with a settlement demand.

Plaintiff has requested Defendant's telephone bills. Telephone bills go a long way to help the parties narrow the issues, evaluate FDCPA claims and resolve these matters. For that reason federal Judge's in California routinely have ordered these be turned over even without formal discovery (thus minimizing fees, costs and months of needless bickering and delay). See *Jachetta v. Capio Partners, LLC*, 12-cv-03410-LHK, Docket #18 (N.D. Cal. October 3, 2012). Thus, Plaintiff seeks an order for the turnover of those documents.

The parties agree to mediate the case through the Northern District of California's ADR program, but Defendant has yet to sign the written stipulation sent by Plaintiff.

**13. Consent to Magistrate Judge For All Purposes**

Whether <u>all</u> parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES   <u>X</u>   NO

**14. Other References**

Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties do not believe that any other references are necessary or appropriate at this time.

### 15. Narrowing of Issues

Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

The parties have not agreed to narrow any of the issues at this time.

### 16. Expedited Trial Procedure

Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.

The parties have not agreed to the Expedited Trial Procedure.

### 17. Scheduling

Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

The parties agree to the following dates:

Designation of Experts: October 14, 2013

Discovery Cut-Off: December 13, 2013

Hearing on Dispositive Motions: February 18, 2014

Pre-Trial Conference: March 31, 2014

Trial: April 14, 2014.

### 18. Trial

Whether the case will be tried to a jury or to the court and the expected length of the trial.

The case is set for a jury trial. The parties anticipate the case will take 5-6 days.

### 19. Disclosure of Non-party Interested Entities or Persons

Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including

parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

The parties have filed the required Certification of Interested Entities or Persons and there are no such entities or persons that require disclosure.

**20. Other**

Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter. Plaintiff's position:

    Collection logs, phone bills and procedure manuals go a long way to help the parties narrow the issues, evaluate FDCPA claims and resolve these matters. For that reason federal Judge's in California routinely have ordered these be turned over even without formal discovery (thus minimizing fees, costs and months of needless bickering and delay). **See** *Wells v. GC Services Ltd*, 06-03511 RMW, Docket #13 (N.D. Cal. Sept. 20, 2006), *Jachetta v. Capio Partners, LLC*, 12-cv-03410-LHK, Docket #18 (N.D. Cal. October 3, 2012). Thus, Plaintiff seeks an order for the turnover of those documents.

Dated: April 4, 2013

                      ELLIS LAW GROUP, LLP

                      By */s/ Andrew M. Steinheimer*
                          Andrew M. Steinheimer
                          Attorney for Defendant
                          VIKING CLIENT SERVICES, INC. (erroneously sued as Viking Collection Service, Inc.)

Dated: April 4, 2013

                      LAW OFFICES OF RONALD WILCOX

                      By */s/ Ronald Wilcox*
                          Ronald Wilcox
                          Attorney for Plaintiff
                          ERICK SANCHEZ

JOINT CASE MANAGEMENT STATEMENT

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On April 4, 2013, I served the following document(s) on the parties in the within action:

**JOINT CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Ronald Wilcox<br>Law Offices of Ronald Wilcox<br>1900 The Alameda<br>Suite 530<br>San Jose, CA 95126 | Attorneys for Plaintiff<br>ERICK SANCHEZ |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 4, 2013.

By _____
Jennifer E. Mueller